DECISION
{¶ 1} Defendant-appellant, George M. Ronan, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a guilty plea, of three counts of rape in violation of R.C. 2907.02 and three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04. Because the trial court failed to make the required findings pursuant to R.C. 2929.14(B), we reverse in part.
 {¶ 2} By indictment filed on November 17, 2003, defendant was charged with five counts of rape and three counts of unlawful sexual conduct with a minor that occurred over a period beginning November 24, 1999 and ending October 7, 2003. On September 21, 2004, defendant agreed to enter a guilty plea to three counts of rape and two counts of unlawful sexual conduct with a minor; the state agreed to enter a nolle prosequi on the other counts of the indictment. The trial court, at a sentencing hearing held December 7, 2004, sentenced defendant to nine years on each of the three counts of rape and seven years on each of the two counts of unlawful sexual conduct with a minor; the court ordered that the sentences be served concurrently for a total of nine years. Defendant appeals, assigning the following errors:
1. WHETHER THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT-APPELLANT BECAUSE THE SENTENCE WAS NOT SUPPORTED BY EVIDENCE JUSTIFYING MORE THAN THE MINIMUM SENTENCE.
2. WHETHER THE TRIAL COURT ERRED IN CLASSIFYING THE DEFENDANT-APPELLANT AS A SEXUAL PREDATOR WITHOUT MAKING THE STATUTORILY REQUIRED FINDINGS TO SUPPORT SUCH SEXUAL PREDATOR DESIGNATION.
 {¶ 3} Defendant's first assignment of error asserts the trial court erred in imposing greater than the minimum prison term on defendant, who has no prior record of imprisonment, without making the required findings under R.C. 2929.14(B). The state properly concedes that the trial court failed to make the required findings and thus requests that the matter be remanded for a re-sentencing hearing.
 {¶ 4} "R.C. 2929.14(B) requires the trial court to impose the minimum sentence for first-time imprisonment unless it specifies on the record
that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender." State v. Edmonson (1999), 86 Ohio St.3d 324, 325. (Emphasis added.) The rationale expressed in Edmonson led to the Supreme Court's holding in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, that "[p]ursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." Id., paragraph two of the syllabus.
 {¶ 5} Here, the trial court failed to make either of the statutorily required findings under R.C. 2929.14(B). Rather, after describing the impact on the victim and the trial court's belief that defendant in the same circumstances would be a recidivist, the trial court stated that "I believe this case is clearly one where the minimum sentences are not appropriate." (Tr. 40-41.) Because the trial court failed to make either of the required findings under R.C. 2929.14(B), the trial court erred in imposing more than the minimum sentence on defendant.
 {¶ 6} The state further concedes that the trial court erred in imposing seven year sentences on the two counts of unlawful sexual conduct with a minor. Because the offense is a felony of the third degree, the maximum sentence is five years, not seven years. As the state properly acknowledges, the sentences "are not authorized, even if they are concurrent to, and subsumed by, statutory sentences for first degree felonies." (Brief of plaintiff, 3.) See, also, R.C. 2929.14(A) (stating that "the court shall impose a definite prison term * * * for a felony of the third degree, the prison term shall be one, two, three, four, or five years").
 {¶ 7} Defendant's first assignment of error is sustained.
 {¶ 8} Defendant's second assignment of error asserts the trial court erred in concluding defendant is a sexual predator. Because the trial court has not journalized its decision finding defendant to be a sexual predator, we lack a final appealable order. See R.C. 2505.02 (limiting the jurisdiction of the court of appeals to final judgments). Accordingly, that aspect of defendant's appeal is dismissed.
 {¶ 9} Having sustained defendant's first assignment of error, and dismissed his second assignment of error for lack of a final appealable order, we affirm the judgment of the trial court insofar as it found defendant guilty of the noted offenses, but we reverse the trial court's sentence and remand for re-sentencing.
Appeal dismissed in part; judgment affirmed in part and reversed inpart; case remanded for re-sentencing.
Sadler and Bowman, JJ., concur.
Bowman, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.